IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 16, 2019 Session

**STATE OF TENNESSEE v. EDDIE READUS**

**Appeal from the Circuit Court for Bedford County**
**No. 17127    Forest A. Durard, Jr., Judge**

_____

**No. M2017-02339-CCA-R3-CD**

_____

Defendant, Eddie Readus, appeals the length of his effective sentence following a resentencing hearing that was granted by the trial court in response to Defendant's motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure (Rule 36.1).  The State responds that Defendant failed to state a colorable claim for relief in his Rule 36.1 motion, and therefore, the trial court should have dismissed the motion, rather than granting a new sentencing hearing.  We agree with the State.  Accordingly, we reverse the judgment of the trial court granting relief pursuant to Rule 36.1, vacate the amended judgment as to the Class C felony conviction, and reinstate the original judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Donna Orr Hargrove, District Public Defender; and Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Eddie Readus.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Robert James Carter, District Attorney General; and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

Defendant was convicted by a jury of the sale and delivery of less than 0.5 grams of cocaine (counts one and two), both Class C felonies, and possession with intent to sell

and possession with intent to deliver 0.5 grams or more of cocaine (counts three and four), both Class B felonies. The trial court merged count two into count one and count four into count three. Defendant was sentenced as a career offender in count one to 15 years and as a Range II multiple offender in count three to 15 years, to be served consecutively, for a total effective sentence of 30 years. On direct appeal, a panel of this court affirmed Defendant's convictions. Defendant did not raise as issues on direct appeal either his classification as a career offender in count one or the trial court's imposition of consecutive sentencing. *State v. Eddie L. Readus*, No. M2011-01918-CCA-R3-CD, 2012 WL 4055343 (Tenn. Crim. App. Sept. 17, 2012), *perm. app. denied* (Tenn. Jan. 22, 2013).

Defendant sought post-conviction relief, alleging that he received the ineffective assistance of counsel at trial and on appeal. Defendant argued that his trial counsel was ineffective for failing to explain sentencing to him or challenge consecutive sentencing on appeal. The post-conviction court concluded that Defendant did not receive the ineffective assistance of counsel but ruled sua sponte that he was entitled to a delayed appeal so that this court could determine whether his effective 30-year sentence was excessive. A panel of this court affirmed the post-conviction court's denial of post-conviction relief and reversed the court's granting of a delayed appeal. *Eddie L. Readus v. State*, No. M2013-01856-CCA-R3-PC, 2014 WL 1494086 (Tenn. Crim. App. Apr. 15, 2014). This court determined that Defendant was not denied his right to appeal from his original convictions. *Id*. at *6.

### Rule 36.1 motion

On November 16, 2016, Defendant filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The trial court entered an order to set a hearing on the motion, finding that Defendant had met "the minimum threshold of a colorable claim for relief." In reviewing the presentence report and the sentencing transcript, the trial court determined that the sentencing court relied on eight prior felony convictions in classifying Defendant as a career offender for the Class C felony and a multiple offender for the Class B felony. The trial court noted, "[w]ithout more specificity as to some of [D]efendant's conviction classes contained in the [State's] Notice of Enhancement[,] the Court cannot ascertain the merits of [D]efendant's allegations." The trial court appointed counsel to represent Defendant. Appointed counsel subsequently filed an amended motion to correct illegal sentence.

At the hearing on Defendant's Rule 36.1 motion, the court entered as exhibits the judgments of conviction, a transcript of the sentencing hearing, the State's notice of enhancement, the post-conviction court's order, and the opinions of this court on direct

appeal and post-conviction appeal. No testimony was offered, and only the arguments of counsel were heard.

Defendant argued that his sentences were illegal because the proof did not establish that he was a career offender for sentencing on his Class C felony conviction. Defense counsel argued, "if there was ever something that 36.1 was meant to address, it would be this situation right here, historically. Because we have a situation where the C felony was given at a percentage that was not correct." He also argued that the Class B felony multiple offender sentence was illegal because of deficiencies in the notice of enhancement filed pre-trial. Defense counsel requested that the court grant Defendant a new sentencing hearing.

The State argued that the first issue is "whether we should even be here" for a hearing because Defendant did not state a colorable claim. The State argued that Defendant failed to allege a fatal sentencing error. The State acknowledged that Defendant had sufficient convictions to classify him as a persistent offender, but not as a career offender on his Class C felony conviction. The State argued, however, that the error was an appealable error because "the trial court made the wrong factual finding," and the State pointed out that Defendant had already availed himself of the right to appeal his sentence.

Following the hearing, the trial court entered an order granting Defendant relief in part. The trial court concluded that the proof did not support the finding that Defendant was a career offender in count one, the Class C felony. The trial court stated:

> As it pertains to the Class C felony, [the proof did not] support the finding [that] [Defendant] was a career offender. The evidence clearly supports the finding he is a persistent offender. It was established [Defendant] had [six] prior Class E felonies and [two] prior Class D felonies. Since there was no Class A, B[,] or C felonies of any nature and the convicted offense was not a Class D or E felony, [Defendant] could not be sentenced as a career offender despite the State's argument [that] this issue has been waived since it was not presented on either direct appeal or post[-]conviction. Hence, [Defendant]'s sentence was "simply not available under the Sentencing Act" and illegal. Accordingly, he must be resentenced.

The trial court concluded that Defendant was properly sentenced as a Range II offender on the Class B felony and granted a new sentencing hearing on the Class C felony conviction only. Regarding Defendant's challenge to consecutive sentencing, the trial court noted that the "issue was never squarely addressed on direct appeal or in the

post[-]conviction." The court continued, "However, it matters not. [Defendant], indeed, has an extensive prior criminal history and consecutive sentencing for that criterion is found in TCA § 40-35-115. Hence, it is a sentence available to [Defendant] and there is nothing illegal about the sentence in this aspect."

At the resentencing hearing, Defendant's presentence report was admitted as evidence. The trial court noted that the State's original notice of enhancement contained six prior felony convictions, and the presentence report contained eight prior felony convictions. The trial court found that Defendant had an extensive history of criminal behavior and that he had previously received a sentence involving release into the community and was unsuccessful in abiding by the conditions of release. The trial court sentenced Defendant as a persistent offender to 15 years on the Class C felony conviction. An amended judgment was entered, and Defendant filed a timely notice of appeal.

*Analysis*

In his first issue on appeal, Defendant asserts that his sentence for the Class B felony is illegal because the State's notice of enhancement did not adequately inform him of his offender status. In his second issue, Defendant generally asserts that his sentence for his Class C felony conviction is excessive, his total effective sentence is excessive, and the trial court originally "abused its discretion" by not ordering concurrent sentencing.

The State argues that the trial court should have dismissed Defendant's Rule 36.1 motion because he failed to state a colorable claim for relief. We agree with the State, and therefore have no need to address Defendant's claims that his total effective sentence is excessive.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id*. at 595. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness

of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*.

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "[A]n appellate court may determine, in the first instance, whether the allegations of a Rule 36.1 motion, and any supporting materials, state a colorable claim for relief under Rule 36.1." *Id*. at 594.

Defendant's challenge to the adequacy of the State's notice to seek enhanced punishment is not a colorable claim for relief under Rule 36.1. Defendant's claim, even if true, would render his sentence voidable, not void. *State v. Charles Speed*, No. W2015-00473-CCA-R3-CD, 2016 WL 1073232, at *2 (Tenn. Crim. App. Mar. 18, 2016), *perm. app. denied* (Tenn. Aug. 19, 2016).

Defendant claims that he should not have been classified as a Range II multiple offender for his Class B felony conviction, and that the trial court's imposition of consecutive sentencing was excessive and an abuse of the court's discretion. Both of these determinations are appealable. An appealable error is a sentencing error for which the Sentencing Act provides a right of direct appeal. A defendant may appeal the length, range, or the manner of service of the sentence imposed and the imposition of consecutive sentences. T.C.A. § 40-35-401(a). Only a fatal error will render a sentence illegal and void. *Wooden*, 478 S.W.3d at 595.

Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." *Cantrell v. Easterling*, 346 S.W.3d 445, 458 (Tenn. 2011). The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category that does not exist under the Sentencing Act. *Id*. at 458-59. Even if the trial court erroneously classifies a defendant as a career offender where the established prior felony convictions fail to meet the statutory requirements for a career offender, the sentence is not illegal, because the trial court had the jurisdiction to make the error, no matter how egregious it may be. *See Id*. at 458. "Correction of an alleged error in offender classification must be sought on direct appeal." *Id*.

As an aside, we feel compelled to acknowledge that the record of the proceedings in this case reflects the consequences to Defendant from errors for which a remedy by statute, rule, or case law is no longer available and/or is now prohibited. It is absolutely clear that Defendant was sentenced to serve fifteen years of incarceration as a career offender for his Class C felony offense. At the time he was sentenced, the State's evidence of his prior convictions was that he had two prior Class D felony convictions and six prior Class E felony convictions. Tennessee Code Annotated section 40-35-108 defines a career offender as follows:

> (a) A career offender is a defendant who has received:
>   (1) Any combination of six (6) or more Class A, B or C prior felony convictions, and the defendant's conviction offense is a Class A, B or C felony;
>   (2) At least three (3) Class A or any combination of four (4) Class A or Class B felony convictions if the defendant's conviction offense is a Class A or Class B felony; or
>   (3) At least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony.

T.C.A. § 40-35-108(a).

Tennessee Code Annotated section 40-35-107 defines a persistent offender as follows:

> (a) A persistent offender is a defendant who has received:
>   (1) Any combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes, where applicable; or
>   (2) At least two (2) Class A or any combination of three (3) Class A or Class B felony convictions if the defendant's conviction offense is a Class A or B felony.

T.C.A. § 40-35-107(a).

Tennessee Code Annotated section 40-35-501(e) provides that a defendant sentenced as a persistent offender has a release eligibility after service of forty-five percent (45%) of the imposed sentence less credits earned and retained by the defendant. The release eligibility percent for a career offender is sixty percent (60%) of the imposed sentence less sentence credits earned and retained by the defendant. The difference between the two offender classifications is fifteen (15%) of the imposed sentence of

fifteen years for the Class C felony. Another way to look at it is that the increase caused Defendant's total time to serve prior to release eligibility to be increased by about thirty-three percent (33%).

At the trial court in this case, and on appeal, the State acknowledged that Defendant was sentenced as a career offender without evidence of prior felony convictions to impose career offender sentencing on the Class C felony conviction. The trial court also had the same conclusion. We agree. In both the trial court and on appeal, the State argued that notwithstanding the clear error, Defendant was not now entitled to any relief.

This court asked the State's attorney at oral argument if the State would be comfortable with this court's opinion if we conclude that an obvious sentencing error of this magnitude, which all parties and the appellate and trial courts agree is erroneous, cannot be corrected. The State's attorney replied affirmatively.

Defendant is entitled to no relief in this case. The judgment of the trial court is reversed.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court granting relief pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure and reverse the amended judgment entered on November 20, 2017, and reinstate the original judgment as to the Class C felony.

_____
THOMAS T. WOODALL, JUDGE